

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 1 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FRANCIS KREBS,                        §
                                      §
          Plaintiff,                  §
                                      §
VS.                                   §   NO. 4:13-CV-817-A
                                      §
JPMORGAN CHASE BANK, N.A.,            §
                                      §
          Defendant.                  §

## MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

Plaintiff, Francis Krebs, initiated this action by filing her original petition and application for temporary restraining order in the District Court of Tarrant County, Texas, 17th Judicial District, naming as defendant JPMorgan Chase Bank, N.A. Defendant removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as

contemplated by 28 U.S.C. § 1332.

The allegations in the state court pleadings pertain to plaintiff's property on Fossil Lake Court in Arlington, Texas. Plaintiff claims that on or about September 4, 2007, she signed a promissory note and deed of trust for the purchase of her property. The note identified Washington Mutual Bank as the original mortgagee. Plaintiff claims that the public records of Tarrant County, Texas, do not reflect any assignment or transfer of the property to defendant, leading plaintiff to question whether defendant is the true holder of the note. Although plaintiff has attempted to obtain a loan modification from defendant, defendant has neither approved nor denied plaintiff's application. Even though defendant has not shown it is the true holder of the note, it has threatened to foreclose on plaintiff's property, and has failed to give plaintiff proper notice of the pending foreclosure sale.

Plaintiff asserted claims against defendant for common law fraud, breach of contract, anticipatory breach of contract, and for injunctive relief.

II.

## Basic Principles

The court starts with a statement of basic principles

announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal

subject matter jurisdiction exists and that removal was proper."

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723

(5th Cir. 2002). "Moreover, because the effect of removal is to

deprive the state court of an action properly before it, removal

raises significant federalism concerns, which mandate strict

construction of the removal statute."[1]   Carpenter v. Wichita

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal

jurisdiction.   Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th

Cir. 2000).

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place
where such action is pending.

(emphasis added).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and

obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims.  Having done so, and having considered the authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy.  In the notice of removal, defendant contends that in an action seeking injunctive relief, the amount in controversy "is measured by the value of the object of the litigation," or, in other words, "is the value of the right to be protected or the extent of the injury to be prevented."  Notice of removal at 2-3.  According to defendant, because plaintiff seeks injunctive relief to prevent defendant from foreclosing on the property or transferring any interest in the property, the objection of the litigation is the property, so

that the value of the property establishes the amount in controversy. Plaintiff's property purportedly has a fair market value of $145,500.00; thus, defendant claims that this amount constitutes an amount in controversy that exceeds the jurisdictional minimum.

The fact that the value of the property mentioned in plaintiff's pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere does plaintiff in her state court pleadings indicate that the fair market value of the property represents the amount in damages she is requesting.

Further, a review of plaintiff's pleadings makes clear that her primary dispute is with defendant's authority to appoint a substitute trustee or conduct a foreclosure sale. While plaintiff questions whether defendant is the true holder of the note, and she takes issue with defendant's right or authority to initiate foreclosure proceedings, nothing in the petition gives rise to a legitimate claim to outright title to the property. Plaintiff's statement in the petition that she attempted to obtain a loan modification is a tacit admission that the property is encumbered by a debt, whether or not plaintiff acknowledges

defendant's interest in the property.  Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's efforts to extend the time she can stay on the property and delay the sale of the property through foreclosure.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action.  Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED October 11, 2013.

JOHN McBRYDE
United States District Judge

7